T.C. Summary Opinion 2005-7

UNITED STATES TAX COURT

RENEE MUHAMMAD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5970-04S.                    Filed January 10, 2005.

Renee Muhammad, pro se.

William L. Blagg and Laura A. McKenna, for respondent.

DEAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $3,240 for 2002. After concessions,[1] the issues remaining for decision are whether petitioner is entitled to: (1) Deductions on Schedule A, Itemized Deductions, in excess of those allowed by respondent; and (2) an education credit.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Fort Lauderdale, Florida, at the time the petition was filed.

Petitioner, a second grade teacher, timely filed her electronic Form 1040, U.S. Individual Income Tax Return, for 2002. On Schedule A, petitioner claimed itemized deductions of $16,307. On Form 8863, Education Credits, petitioner claimed an education credit of $1,500.

Petitioner's itemized deductions consisted of noncash contributions of $500; cash contributions of $3,366; taxes of $59; and miscellaneous expenses of $13,055, subject to the 2 percent of adjusted gross income limitation, or $12,382. Petitioner did not provide any substantiation for her claimed

---

[1] Respondent concedes that petitioner is entitled to a charitable contribution deduction of $2,720 and a deduction for union dues of $480.

deductions except some receipts for manicures, the costs of which she deducted as ordinary and necessary business expenses. Respondent disallowed all of petitioner's claimed itemized deductions.

Petitioner claimed an education credit for school supplies she had purchased for students in her class over the course of 5 years. Petitioner did not have receipts for the items she claimed she purchased. Respondent disallowed petitioner's claimed education credit.

## Discussion

The Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that she is entitled to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Under section 7491(a)(1), the burden of proof may shift to the Commissioner. Because petitioner failed to meet the requirements of section 7491(a)(2), the burden of proof does not shift to respondent.

Petitioner has not provided any evidence that the expenditures were ordinary and necessary expenses of her

employment as a teacher as opposed to personal expenditures made for herself or made gratuitously for her students. She has not provided any evidence that would substantiate an allowance of itemized deductions in excess of those allowed by respondent. Respondent's determination is sustained.

For eligible individuals, section 25A allows credits against tax for qualified tuition and related expenses paid by the taxpayer during the taxable year. The Hope Scholarship Credit applies to 100 percent of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year (for education furnished to the eligible student during any academic period beginning in such taxable year) as does not exceed $1,000, plus 50 percent of such expenses so paid as exceeds $1,000 but does not exceed the applicable limit. Sec. 25A(b). In order to be eligible for the Hope Scholarship Credit, a student must be enrolled at least half time at an eligible educational institution for any portion of the taxable year. Sec. 25A(b)(2)(B) and (3).

The Lifetime Learning Credit is an amount equal to 20 percent of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year (for education furnished during any academic period beginning in such taxable year) as does not exceed $5,000 in the case of taxable years beginning before January 1, 2003. See sec. 25A(c). Section

25A(f) defines "qualified tuition and related expenses" as tuition and fees required for the enrollment or attendance of the taxpayer, the taxpayer's spouse, or the taxpayer's dependent at an eligible educational institution.

Petitioner is not entitled to a Hope Scholarship Credit under section 25A(b) because she failed to even allege that she was a half-time student for any portion of 2002. See sec. 25A(b)(2)(B) and (3). Petitioner is not entitled to a Lifetime Learning Credit for 2002 because she failed to show that during 2002 she paid "qualified tuition and related expenses" within the meaning of section 25A(c)(1) and as defined in section 25A(f)(1). At trial, she explained that the expenditures were paid for the benefit of her students over the course of 5 years. Such expenditures do not constitute qualified tuition and related expenses under section 25A. Respondent's disallowance of petitioner's claimed education credit is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered under Rule 155.